Filed 5/11/18; Supreme Court publication order 8/8/18

*SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT*

*APPELLATE DIVISION*

| | |
|---|---|
| DEL MONTE PROPERTIES AND INVESTMENTS, INC., <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> MARGARETT DOLAN, <br><br>     Defendant and Appellant. | Case No.: CV170392 <br><br> **RULING AND DECISION** |

Appeal from Judgment of the Superior Court of Humboldt County, W. Bruce Watson, Judge. Reversed.

Gregory M. Holtz, S. Lynn Martinez, Legal Services of Northern California, for Defendant and Appellant.

Del Monte Properties and Investment, Inc., Andrew Del Monte and Denise Del Monte, in Pro Per, Plaintiff and Respondent.

* * *

Defendant and Appellant Margarett Dolan's ("Appellant") appeal came on for hearing with the Appellate Division in Department 3 of this Court on April 6, 2018, Hon. Dale A. Reinholtsen, Hon. Gregory Elvine-Kreis, and Hon. Kelly L. Neel presiding. Gregory M. Holtz appeared on behalf of Appellant. Andrew Del Monte and Denise Del Monte appeared for Plaintiff and Respondent Del Monte Properties and Investments ("Respondent").

Having read and considered the briefs filed by the parties, and having heard argument of counsel and the parties, the Court reverses the judgment of the trial court for the reasons stated below.

## Trial Court Proceedings

On May 10, 2017, Respondent filed a complaint for unlawful detainer against Appellant. Respondent alleged that it leased the premises to Appellant at a monthly rent of $600 and that it served Appellant with a 3-day notice to pay rent or quit on May 5, 2017. The 3-day notice, attached as an exhibit to the complaint, demanded rent in the amount of $600, as well as a late fee in the amount of $50, for a total of $650. The lease, also attached as an exhibit to the complaint, contains the following term:

> 6. Late charge; returned checks:
> A. Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amount of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within 5 calendar days after the date due, or if a check is returned, Tenant shall pay to Landlord,

respectively, an additional sum of $50.00 as a Late Charge and $25.00 as a NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.

B. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent….

Appellant filed an amended answer as well as a motion for summary judgment. The summary judgment motion was denied and the case proceeded to trial on June 6, 2017 and June 7, 2017. Andrew Del Monte testified for Respondent. Both Respondent and Appellant's counsel asked questions about the late fee. After Appellant's motion for nonsuit was overruled, Appellant testified. Appellant requested a statement of decision. The trial court found for Respondent. It ordered the lease forfeited and awarded Respondent possession of the premises, as well as "past-due rent" of $650 and holdover damages of $140, for a total judgment of $790. Judgment was entered on June 7, 2017. Appellant filed a notice of appeal on September 8, 2017. The trial court entered a statement of decision on September 29, 2017.

## Issues on Appeal

Appellant submitted the following issues on appeal:

1. The 3-day notice cannot support a judgment for unlawful detainer because it contains a demand for an invalid late fee which is prohibited by Civil Code §1671;

2. The late fee cannot be justified as liquidated damages because the losses caused by late payment of rent were not extremely difficult or impractical to determine, and Respondent failed to show that the amount of liquidated

3

damages charged were the result of a reasonable endeavor to approximate those losses.

## Discussion

1.  <u>Late Fee as Liquidated Damages</u>.

The proponent of a liquidated damages provision in a residential lease bears the burden of proving its validity under Civil Code §1671. *Garrett v. Coast & Southern Fed. Sav. & Loan Assn.* (1973) 9 Cal.3d 731, 738. While presumptively invalid, liquidated damages may be imposed "when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage" caused by a breach. Civil Code §1671(d). Then, "the parties may agree…upon an amount which shall be presumed to be the amount of damage sustained by a breach." Civil Code §1671(d).

Courts look beyond the language of the contract to determine the actual circumstances of a liquidated damages clause. *Garrett v. Coast & Southern Fed. Sav. & Loan Assn.,* 9 Cal.3d at 737. Agreement to an invalid liquidated damages clause does not insulate it from attack under Civil Code §1671. The losses caused by late payment of residential rent are limited to interest and administrative costs of collecting and accounting for the late rent. *Orozco v. Casimiro* (2004) 121 Cal.App.4th Supp. 7, 11.

Respondent failed to prove that the actual losses caused by late payment of rent were extremely difficult or impracticable to determine. Moreover, an agreement to the term setting the amount is not enough. At trial, Respondent testified about types of losses caused by late payment of rent, but this was little more than a reference to the language of the lease. Respondent did not articulate specific facts showing why the circumstances of this case justify liquidated damages to compensate losses caused by late payment. In fact, Respondent's Exhibit 1 submitted on appeal demonstrates that

4

these losses may not be difficult to calculate.  Because Respondent failed to meet its burden to show that the losses caused by late payment of rent in this case were extremely difficult or impracticable to determine, liquidated damages were not justified under Civil Code §1671.

2.  <u>Late Fee Not Determined After Reasonable Endeavor to Approximate Actual Losses by Late Payment of Rent</u>.

As a separate and independent basis for this decision, Respondent failed to meet its burden to show that the late fee was the result of a reasonable endeavor to approximate actual losses caused by late payment of rent.  To be valid under Civil Code §1671, a liquidated damages clause must be the result of a reasonable endeavor to approximate actual losses caused by the breach being compensated.  *In re Cellphone Termination Fee Cases* (2011) 193 Cal.App.4th 298, 322.  Setting the liquidated damages to a percentage of the contract price demonstrates a purpose other than compensating losses.   *Garrett v. Coast & Southern Fed. Sav. & Loan Assn.,* 9 Cal.3d at 740.  Some analysis of actual losses is required prior to setting the amount.  *Util. Consumers' Action Network, Inc. v. AT&T Broadband of Southern California, Inc.* (2006) 135 Cal.App.4th 1023, 1031.  Post-hoc rationalization will be rejected.  *In re Cellphone Termination Fee Cases,* 193 Cal.App.4th at 328.

Respondent did not show the late fee passes the reasonable endeavor test.  First, Respondent's witness admitted at trial that the $50 late fee was set at a percentage of the contract price.  Second, Respondent's witness admitted at trial that it never attempted to calculate the amount of losses caused by late payment of rent.  If no effort was made to estimate the actual losses, then the resulting fee cannot approximate the losses.  The trial court erred by finding that Respondent met its burden to show that the late fee met the reasonable endeavor test in this case.

3.  <u>A 3-Day Notice That Overstates the Amount of Rent Owed Does Not Support</u>

    <u>Unlawful Detainer</u>.

It is settled law that a defective notice is fatal to an unlawful detainer complaint. *Wasatch Prop. Mgmt. v. Degrate* (2005) 35 Cal.4th 1111, 1117.  The notice upon which the complaint in this case is based is defective because it may include an invalid late fee and it may not support a judgment for unlawful detainer.

**ORDER**

1.  The judgment of the trial court is reversed.

2.  Appellant as prevailing party is awarded costs on appeal.  CRC 8.891(a)(1) and (2).

3.  The case shall be remanded to the trial court.


Dated:  May 11, 2018


_____
Hon. Dale A. Reinholtsen, Presiding Judge
Appellate Division
Superior Court of California, County of Humboldt



_____
Hon. Gregory Elvine-Kreis, Judge
Appellate Division
Superior Court of California, County of Humboldt



_____
Hon. Kelly L. Neel, Judge
Appellate Division
Superior Court of California, County of Humboldt